# EXHIBIT 1

EXHIBIT 1

**E-FILED**
Aug 22, 2014 1:07 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-09-CV-158522 Filing #G-65487
By R. Walker, Deputy

1  THE SHUMAN LAW FIRM
   KIP B. SHUMAN
2  RUSTY E. GLENN
   885 Arapahoe Ave.
3  Boulder, CO 80302
   Telephone: (303) 861-3003
4  Facsimile: (303) 484-4886

5  HARWOOD FEFFER LLP
   ROBERT I. HARWOOD
6  MATTHEW M. HOUSTON
   488 Madison Avenue, 8th Floor
7  New York, NY 10022
   Telephone: (212) 935-7400
8  Facsimile: (212) 753-3630

9  Co-Lead Counsel for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:09-CV-158522 (Consolidated with Case No. 1:09-CV-159022) |
| This Document Relates To: | [~~PROPOSED~~] FINAL ORDER AND JUDGMENT |
| ALL ACTIONS | Judge: Hon. Peter H. Kirwan<br>Dept: 1 - Complex Lit. |

E-FILED: Aug 22, 2014 1:07 PM, Superior Court of CA, County of Santa Clara, Case #1-09-CV-158522 Filing #G-65487

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 27, 2014 (the "Preliminary Approval Order"), on the application of the parties to the State Action for approval of the proposed settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated December 19, 2013, and the exhibits thereto (the "Stipulation");

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, enters this Final Order and Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the State Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the notice provided to Current SunPower Shareholders constituted the best notice practicable under the circumstances. The notice fully satisfied the requirements of due process.

4. The Court finds that, during the course of the litigation of the Actions, Defendants, Defendants' Counsel, Plaintiffs, and Plaintiffs' Counsel at all times complied with the requirements of California Code of Civil Procedure §128.7 and all other similar laws and/or rules governing professional conduct.

5. The Court finds that the terms of the Stipulation are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The State Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, SunPower, Plaintiffs (acting on their own behalf and derivatively on behalf of SunPower), and each of SunPower's shareholders shall be deemed to have,

E-FILED: Aug 22, 2014 1:07 PM, Superior Court of CA, County of Santa Clara, Case #1-09-CV-158522 Filing #G-65487

and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons, and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons. SunPower, Plaintiffs (acting on their own behalf and derivatively on behalf of SunPower) and each of SunPower's shareholders shall be deemed to have, and by operation of the Final Order and Judgment shall have, covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against any of the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Final Judgment.

8. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the commencement, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

9. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that the Fee and Expense Amount is fair and reasonable. The Court hereby approves the Incentive Amounts for which application was made in connection with the Settlement Hearing.

10. Neither the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, the validity or invalidity of any claim or defense or of any liability or wrongdoing whatsoever; or (b) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the

E-FILED: Aug 22, 2014 1:07 PM, Superior Court of CA, County of Santa Clara, Case #1-09-CV-158522 Filing #G-65487

Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

11. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, the Settlement provided for therein, and the provisions of this Final Order and Judgment.

12. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Final Order and Judgment shall be vacated and rendered null and void, and all orders entered and releases delivered in connection with the Stipulation and this Final Order and Judgment shall be null and void, except as otherwise provided for in the Stipulation.

13. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk dismissing the State Action with prejudice.

IT IS SO ORDERED.

DATED: 8/22/14

THE HONORABLE PETER H. KIRWAN
SUPERIOR COURT JUDGE